[Civ. No. 4748. Third Appellate District.—February 20, 1933.]

CORNELIUS NOBLE et al., Respondents, v. J. C. MILES, etc., et al., Appellants.

Ray W. Hays for Appellants.

Conley, Conley & Conley, W. M. Conley, Philip Conley and Matthew Conley for Respondents.

PULLEN, P. J.—This is an action by plaintiffs arising out of a collision between the automobile of plaintiffs and a truck belonging to certain of the defendants, and driven by Oftedal, also a defendant herein. The issues were submitted to a jury, who found for plaintiffs. ■ The question of law involved as framed by appellants is, "Did the court commit prejudicial error in instructing the jury that the violation of any statute constituted negligence as a matter of law, without taking into consideration the amendment of ·section 113 (d) of the California Vehicle Act of 1931?"

The following instruction was given by the court at the request of the plaintiffs: "If you shall find from the evidence that defendant, Oftedal, or the driver of the truck . following his, prior to and at the time of the collision were violating any provision of the California Vehicle Act referred to in these instructions, then such truck driver was guilty of negligence as a matter of law, and if such negligence · solely and proximately caused the collision, your verdict must be in favor of the plaintiffs, John Stenovich, Cornelius Noble and Pansy H. Noble."

The following instruction was given by the court at the request of the defendants: "You are instructed that the California Vehicle Act in force and effect at the time of the happening of this accident, in reference to speed of motor vehicles, provided: Fifteen miles an hour in traversing or going around curves or corners of a highway when the driver's view is obstructed within a distance of two hundred feet along such highway in the direction in which he is proceeding."

Counsel do not question the correctness of these instructions standing alone, and as abstract principles of law, but appellants do claim the two instructions, when read together, were erroneous in view of an amendment to section 113, subdivision (d), of the California Vehicle Act, which was amended in 1931, to read as follows: "In any civil action the driver of a vehicle who has operated such vehicle at a speed in excess of the miles per hour set forth in subdivision (b) applicable at the time and place shall not be deemed to have been negligent by reason thereof as a matter of law, but in all such actions the burden shall be upon the opposing party to establish that the operation of such vehicle at such speed constituted negligence."

As to this appellants cannot be heard to object. It was at their request the instruction relative to the speed limit was given.

 "Parties must abide by the consequences of their own acts and cannot seek a reversal of a case upon appeal for errors which they had committed or invited. One who by his conduct induces the commission of some error by the trial court, or, in other words, who has invited error, is estopped from insisting that the action of the court is erroneous." (2 Cal. Jur., p. 846.)

 And also quoting from the same text: "An appellant cannot allege error in the giving of instructions requested by him, unless the trial judge imported into them some new and distinct error prejudicial to him. A judgment will not be reversed for contradictory instructions where those favorable to the appellant and given at his request are erroneous."

Appellants did not offer an instruction incorporating subdivision (d) of section 113 of the Vehicle Act: "It is unquestionably the law that where a general instruction is given which is correct as far as it goes, being deficient merely by reason of its generality, the injured party may complain upon appeal only in case he requests that the charge be made more specific, or asks for other qualifying instructions, and his request is denied." (24 Cal. Jur., p. 796.)

 Conceding, also, that the instructions did not properly state the law, it must nevertheless appear that such error would not justify a reversal of the judgment unless it is probable that the result of the trial would have been different if the instruction had been otherwise.

We have read the transcript of the evidence and we are of the opinion that the findings of the jury would have been the same irrespective of any instruction relative to statutory speed limit. As a matter of fact the speed of the cars involved was not particularly stressed and had to do only with the defense of contributory negligence. No contention is made that the verdict was unsupported by the evidence. Defendants were moving a fleet of seven auto dump trucks from the town of Santa Clara by way of Pacheco Pass, to Fresno. The particular car in question was third or fourth in the line of travel. It was not equipped with any horn or

other warning device and traveling at a speed estimated from twenty to thirty miles per hour. In the truck in question was a Ford coupe, which was not secured in any way to the truck, but was merely blocked in. As the truck was rounding a turn in the act of meeting the automobile of plaintiffs it swung inward and struck a post near a concrete culvert on the side of the road, upsetting the truck and causing the coupe to fall from the truck and strike the car of plaintiffs, which caused the injuries complained of. In view of the manifold evidence of negligence on the part of defendants we cannot say that the question of speed was a controlling element in the case.

A judgment will not be reversed because of the giving or refusing of instructions which do not harm the appellant. To justify a reversal under the Constitution it must appear, from a consideration of all the evidence, that any error in this respect resulted in a miscarriage of justice.

Under section 4½ of article VI of the Constitution it is our duty to examine the evidence for the purpose of discovering whether a miscarriage of justice has resulted before ordering a reversal. In our opinion, the presence or absence of the particular instruction makes little difference, and no miscarriage appears.

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.