[Civ. No. 11657. Second Appellate District, Division Two.—January 27, 1938.]

ROBERT H. RAY, Appellant, v. JOHN R. KENNEDY et al., Respondents.

H. E. Allport for Appellant.

Nourse, Betts & Jones for Respondents.

CRAIL, P. J.— This is an appeal from a judgment in favor of defendants in an automobile collision case, and the sole question presented by the plaintiff is this: "Is the negligence of the driver of one of two automobiles involved in a collision to be imputed to his passenger on the theory of joint enterprise in a case where the only facts tending to prove joint enterprise were as follows: Both the driver and passenger were employed in the same public garage; the former as a foreman, the latter as helper or mechanic. The foreman, in the course of his employment, received a call to go out and start a stalled car and he told the helper or mechanic to go with him to start the car. They got in the foreman's own car with the foreman driving, and were en route to said job when the collision occurred."

The reply of the defendants is that before the first witness was sworn and throughout the trial the plaintiff took the position and tried the case on the theory that the testimony relating to the question of joint enterprise was such as to present a question of fact to the jury, by handing to the court the following instruction, which the court gave to the jury: "Defendants have alleged that the plaintiffs Ybarra and Ray were engaged in a joint or common enterprise. To constitute a joint or common enterprise such as would bar plaintiff Ray's recovery for his damages, if any, if you find by a preponderance of the evidence that the driver with whom plaintiff Ray was riding was negligent there must be more than a common desire and common method of transportation. There must be a community of interest in the objects or purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management."

The same instruction was given at plaintiff's request in the case of *Collins* v. *Graves*, 17 Cal. App. (2d) 288, 296 [61 Pac. (2d) 1198]. In that case the court said at page 297: "Having tried the case on the theory that the testimony relating to the question of joint enterprise was such as to present a question of fact to the jury, it does not lie within the mouth of the appellant to now argue that the court erred in so doing, and that as a question of law it must be held that no joint enterprise is shown. In *Noble* v. *Miles*, 129 Cal. App. 724 [19 Pac. (2d) 265], speaking through Mr. Presiding Justice

Pullen, this court, following the rule stated in 2 California Jurisprudence, page 846, said: 'Parties must abide by the consequences of their own acts, and cannot seek a reversal of a case upon appeal for errors which they have committed or invited; and one who, by his conduct, induces the commission of some error by the trial court, or, in other words, who has invited error, is estopped from insisting that the action of the court is erroneous.' "

The plaintiff contends that he did not submit the question of joint enterprise to the jury as a question of fact for the reason that at the close of the defendants' case the plaintiff moved for a directed verdict on the ground that the defendants had failed to establish a joint or common enterprise. Nevertheless, the fact remains, that the above instruction was not withdrawn and was before the court. On appeal it is the duty of this court to draw all inferences in favor of the judgment, and this court must assume in the light of the record that the plaintiff was equally pressing his theory that the issue was a question of fact for the jury. There is nothing in the record to indicate that the plaintiff made clear his election as to which position he would take, and this court on appeal will not assume said election for the purpose of defeating the judgment. (2 Cal. Jur. 852, and cases cited.)

Judgment affirmed.

McComb, J., concurred.

WOOD, J., Concurring.—I concur in the judgment. At the time of the collision of the two automobiles plaintiff was riding with Albert Ybarra, owner and driver of the car and the foreman of the garage where plaintiff worked as a mechanic. The other car involved in the collision was driven by John Sedine and owned by John R. Kennedy. Plaintiff commenced action against Kennedy and Sedine and a separate action was commenced by Ybarra against Kennedy and Sedine. In the last-mentioned action Kennedy and Sedine filed a cross-complaint. The actions were consolidated for trial and the jury returned a verdict favorable to the defendants in Ybarra's action and in favor of Ybarra on the cross-complaint. The jury also returned a verdict in favor of defendants in the action filed by plaintiff.

Defendants filed their answer to plaintiff's complaint in which they alleged that plaintiff and Ybarra were engaged

in a joint enterprise. They did not allege contributory negligence on the part of plaintiff other than through their allegations concerning a joint enterprise. As required by section 607a of the Code of Civil Procedure, before the first witness was sworn plaintiff delivered to the court his proposed instructions, among which was an instruction for a directed verdict in favor of plaintiff and another instruction in which reference was made to the defense of joint enterprise filed by defendants with a statement of the facts necessary to be proved to establish a joint enterprise. When all of the testimony was in plaintiff asked the court to direct the jury to return a verdict in his favor.

The issue of joint enterprise was undoubtedly presented to the court by defendants but the evidence falls far short of establishing a joint enterprise on the part of plaintiff and Ybarra. The two instructions offered by plaintiff upon the commencement of the trial were inconsistent and were offered as alternative instructions. Plaintiff took the position that there was no joint enterprise and he should not be charged with presenting this issue to the jury because of the fact that he asked the court to explain the necessary elements of a joint enterprise in case his motion for a directed verdict should be denied.

The judgment must nevertheless be affirmed for the reason that the record does not show that reversible error was committed by the trial court. It is the duty of appellant to prepare a record which will justify a reversal of the judgment if such a record can properly be presented. The transcript contains a brief bill of exceptions in which the evidence is presented touching upon the allegations of joint enterprise but the bill of exceptions does not purport to contain all of the evidence on the subject of the conduct of the two drivers at the time of the collision. The verdicts do not disclose the findings of the jury upon the allegations of negligence on the part of the drivers. For aught that appears from the record the jury may have found that neither driver was negligent. The only point now made by plaintiff is that the trial court erred in refusing to direct the jury to return a verdict for plaintiff and in refusing to grant plaintiff's motion for a judgment notwithstanding the verdict. On the state of the record before us we cannot reverse the judgment on account of either of these rulings.

four separate sets of briefs. The main facts, however, and the questions involved are essentially the same. After considering the briefs filed in the separate causes and the transcripts furnished the court, we have reached the conclusion that substantially all the meritorious questions involved may be presented and considered in one opinion. For this purpose we have followed the discussion of the various questions presented for consideration as set forth in the transcript and briefs found in Civil No. 5927.