[Civ. No. 13890. First Dist., Div. Two. Aug. 31, 1949.]

MARGARET WILLIAMSON, Appellant, v. PACIFIC GREYHOUND LINES (a Corporation), Respondent.

Clarence N. Riggins for Appellant.

Dana, Bledsoe & Smith and A. Dal Thomson for Respondent.

GOODELL, J.—This is an appeal from a judgment on a verdict in defendant's favor in an action for damages for personal injuries. On a prior appeal this court reversed a

judgment of nonsuit (78 Cal.App.2d 482 [177 P.2d 977]). The present appeal is based solely on errors in instructions at the second trial.

Appellant was a passenger on a bus of respondent going from Napa to San Francisco. On boarding the bus she took an aisle seat four or five seats behind the driver and on his side of the bus. Appellant alleged that she was injured by a heavy suitcase, not her own, which fell from a baggage rack above the seats, an accident allegedly caused by respondent's negligence in the operation of the bus and in failing to inspect and to take precautions for the safe storage of the baggage. She testified that when the bus went around a sharp curve it swayed and jolted with such force as to throw her against the woman seated on her left and that simultaneously with the jolt the suitcase fell from the rack and struck her on the head, right shoulder and arm.

Contributory negligence and assumed risk were pleaded as follows: ". . . . defendant alleges, upon its information and belief, that if plaintiff was a passenger upon defendant's bus . . . she had full knowledge of the location of the baggage and baggage rack in said bus and carelessly and negligently failed to take any precautions for her own safety and assumed all of the risk incident to the situation."

Appellant testified that she had only a handbag with her, had no occasion to look at the baggage racks, and did not do so. On cross-examination this was elaborated; she saw no baggage above her, saw none protruding from the racks, noticed nothing irregular with respect to the baggage racks, and did not observe any baggage being placed in or taken out of the racks. She "had no baggage and wasn't interested." There was no evidence that any of the baggage was in a dangerous position.

The court refused the following instruction tendered by appellant: "There is no evidence in this case which would support a finding of contributory negligence on the part of the plaintiff."

The court gave the following instruction among others tendered by respondent: "I instruct you that the plaintiff, Margaret Williamson, during the time she was a passenger on defendant's bus was obligated to exercise ordinary care to see and observe the condition within said bus and to observe and to exercise ordinary care in the observation of the condition of baggage stored within the said bus. Any failure on plaintiff's part, if any, to use ordinary care in this

regard would constitute negligence. If you find from a preponderance of the evidence that plaintiff was careless in such observations and you further find from a preponderance of the evidence that such carelessness, if any, was a proximate cause of any injuries sustained by her, if any, then your verdict must be for the defendant.''

The facts in *Prunty* v. *Allred*, 73 Cal.App.2d 67 [165 P.2d 935] are practically identical with those in this case. There the falling of the suitcase from the rack coincided with the bus coming back into its own lane ''rather suddenly . . . because there was oncoming traffic,'' after passing a truck at about 45 miles per hour. Here it was simultaneous with the swaying and jolting of the bus on a sharp curve. Here nothing had fallen from the rack before the suitcase fell, while there a short while before the suitcase fell a fur coat had fallen from the rack upon the passenger-plaintiff and had been put back in the rack, from which incident it was argued she knew more about the possibility of things falling from the rack than did the driver. The trial court there withdrew the issue of contributory negligence from the jury. In affirming the judgment the court said: ''We are unable to discover any evidence supporting defendants' claim that plaintiff was guilty of contributory negligence. . . . She did not place the baggage in the rack, she was not charged with the duty of inspecting the baggage, nor did she assume it. She had no notice requiring her to be on the lookout to protect herself against such danger. She was a passenger for whose safe carriage the defendants were charged with the duty of exercising the utmost care and diligence. (Civ. Code, § 2100.) Defendants have not pointed out wherein she could be so charged. It was therefore proper for the court to withdraw that issue from the jury's consideration. (*Blackwell* v. *American Film Co.*, 189 Cal. 689, 699 [209 P. 999].)''

The appellants in that case in their petition to the Supreme Court for a hearing, made a distinct point of the withdrawal from the jury of the defense of contributory negligence. They argued that if the record contained any ''evidence from which an inference of contributory negligence could be drawn, it was prejudicial error to withdraw the question'' and cited *Thomas* v. *Visalia Electric R. R. Co.*, 169 Cal. 658, 661 [147 P. 972] holding that ''A litigant is entitled to proper instructions bearing upon any legitimate legal inference which may be drawn from evidence given. . . .'' Their petition, however, was denied.

Appellant of course relies on *Prunty* v. *Allred.* Respondent has made no attempt to distinguish the two cases and we are satisfied they are not distinguishable.

The holding there that the passenger ''was not charged with the duty of inspecting the baggage'' having ''had no notice requiring her to be on the lookout to protect herself against such danger'' is in accord, apparently, with the general law on the subject. (15 C.J.S. 1544-5.)

*Selman* v. *City of Detroit,* 283 Mich. 413 [278 N.W. 112], cited by respondent is distinguishable, as there the passenger was on notice, having seen the baggage over which she stumbled in the aisle of the streetcar. In the present case there was no evidence of any fact that should have put appellant on notice of any danger arising from stored baggage, or any circumstance whatever indicating any lack of care on her part. As was said in our prior opinion (78 Cal.App.2d 487), ''No danger was apparent to her, and none under the facts presented could have been.''

It follows that the instruction withdrawing from the jury the issue of contributory negligence should have been given. It is equally clear that the instruction which told the jury that it was plaintiff's duty to observe ''the condition of baggage stored within the said bus'' and that if she failed to do so she was guilty of negligence, was erroneous.

That the refusal of the one and the giving of the other instruction was prejudicial is accentuated by the fact that in appellant's cross-examination she was repeatedly asked if she did not look at the baggage rack and answered that she did not, and had no occasion to do so.

Respondent contends that if error resulted from the instructions on contributory negligence it was invited and induced by the several instructions on the same subject tendered by appellant. It must be borne in mind that contributory negligence was introduced into the case by respondent's plea. The only way to remove it from the case was for the court to tell the jury (as appellant requested) that there was no evidence to support it. Once the court decided not to do so, instructions on that subject inevitably followed, including the one already quoted which runs counter to *Prunty* v. *Allred.* It can hardly be said, however, that appellant invited them when she did everything within her power in the opposite direction by seeking the withdrawal of the entire question.

Appellant's instructions on contributory negligence were purely defensive, tendered provisionally of course (as happens every day) to be used only in case the court refused her withdrawal instruction.

The several cases cited by respondent on invited error do not go so far as to support its present claims. One of them, *Cedzo* v. *Bergen,* 53 Cal.App.2d 667, 674 [128 P.2d 683], in holding that the appellant invited the instructions of which he complained, points out (as we have done) "that the issue as to plaintiff's contributory negligence was raised by the pleading" and the opinion follows that with the significant observation that the plaintiff there did *not* "request an instruction that the evidence was insufficient to support a verdict against the plaintiff on the issues so raised. . . ."

*Dowd* v. *Atlas Taxicab etc. Co.,* 69 Cal.App. 9, 14 [230 P. 958], is in point. There it is said: "Even where a party is unable to induce the court to instruct the jury according to his view of the law, 'the fact that he asks instructions presenting the most favorable view of the law that the court will entertain does not estop him on appeal to assign error upon the action of the court.' (38 Cyc. 1789)." The Supreme Court followed this in *Huebotter* v. *Follett,* 27 Cal.2d 765, 769, 770 [167 P.2d 193]. See, also, the concurring opinion in *Ray* v. *Kennedy,* 24 Cal.App.2d 583, 586 [76 P.2d 147].

The judgment is reversed.

Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 27, 1949.