Filed 11/22/13  P. v. Pierre CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CASTOR M. ST. PIERRE,<br><br>    Defendant and Appellant. | B244725<br><br>(Los Angeles County<br>Super. Ct. No. MA055117)<br><br>**ORDER MODIFYING OPINION**<br>[There is no change in judgment] |

        GOOD CAUSE appearing, the opinion filed November 21, 2013, in the above entitled matter is hereby modified as follows:

        On page 1, the case No. "MA05517" should be replaced with case No. "MA055117."

        There is no change in the judgment.

_____

BIGELOW, P. J.                    RUBIN, J.                    FLIER, J.

Filed 11/21/13  P. v. St. Pierre CA2/8 (unmodifed version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>CASTOR M. ST. PIERRE,<br><br>　　Defendant and Appellant. | B244725<br><br>(Los Angeles County<br>Super. Ct. No. MA05517) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  David Walgren, Judge.  Affirmed.

　　　　Daniel R. McCarthy, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Jonathan J. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Castor M. St. Pierre appeals from the judgment entered after a jury convicted him of resisting a police officer, contending that the trial court erred by allowing the arresting officer to testify that an internal investigation had cleared him of making an unlawful arrest through the use of excessive force. We agree, but conclude the error was harmless and therefore affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Shortly before 6:00 p.m. on December 10, 2011, Castor M. St. Pierre was detained by two Los Angeles County sheriff's deputies after they saw him riding his bike in an unsafe and erratic manner while the deputies conducted a traffic stop in Palmdale. Deputy Donald Chavez stopped St. Pierre because St. Pierre committed traffic violations and because he believed St. Pierre might be intoxicated.

St. Pierre agreed to be searched and Chavez found a wallet containing no form of identification except for a bankcard in St. Pierre's name. Chavez told St. Pierre he would cite him for the traffic violations and asked St. Pierre to sit in the rear of the sheriff's patrol car while he checked to see if St. Pierre was the subject of any warrants. St. Pierre sat down but let his feet dangle outside the patrol car.

Chavez asked St. Pierre to put his feet inside the car. When St. Pierre refused to do so, Chavez pulled out a pepper spray canister and told St. Pierre he would use it on him unless he complied. St. Pierre slapped the canister out of Chavez's hand and began to stand up. A brief scuffle ensued, which ended after Chavez pushed St. Pierre back into the car and punched him twice in the nose.

The motorist detained by Chavez was also seated in the back of the patrol car at the time. He testified that St. Pierre had not been combative or uncooperative, and had merely left his feet outside the car because he was tall and his feet were large. The motorist also denied that St. Pierre had slapped the pepper spray canister out of Chavez's hand. Instead, he thought St. Pierre might have raised his hands to defend against the pepper spray. However, the motorist was impeached by evidence of a contrary statement that he made to another deputy sheriff that confirmed Chavez's version of events.

2

St. Pierre was charged with one count of resisting an executive officer by means of threat or violence. (Pen. Code, § 69.) He did not testify and did not present a defense. A jury acquitted him of that count but found him guilty of a lesser included offense: a misdemeanor count of resisting a peace officer. (Pen. Code, § 148, subd. (a)(1).)

At trial, St. Pierre contended his detention was unlawful because Chavez used excessive force. The prosecution sought to call Chavez's supervisor, Sgt. Zarris, to testify: (1) as an expert witness that Chavez's use of force was within department guidelines and was not excessive; and (2) that he conducted an internal review of the incident and determined that Chavez did nothing wrong when subduing St. Pierre. After the trial court overruled defense objections to that proposed testimony, the parties agreed that Chavez could testify about Zarris's conclusions, including the results of the investigation. When asked on direct examination about the investigation, Chavez testified: "I was cleared of any wrongdoing. I didn't do anything illegal. I was within the scope of my department's policy, and I believe that was really as far as the investigation goes."

**DISCUSSION**

1.   *The Offense of Resisting Arrest Does Not Occur If the Arresting Officer Used Excessive Force*

Before a person can be convicted of resisting a peace officer (Pen. Code, § 148, subd. (a)(1)), there must be proof beyond a reasonable doubt that the officer was acting lawfully at the time. (*In re Joseph F.* (2000) 85 Cal.App.4th 975, 982.) The same is true for the charged offense of obstructing a peace officer through the use of threats or force. (*In re Manuel G.* (1997) 16 Cal.4th 805, 815.) If the officer used excessive force, then he was not acting lawfully in the performance of his duties. (*Susag v. City of Lake Forest* (2002) 94 Cal.App.4th 1401, 1409.) St. Pierre contended at trial that he was not guilty because Chavez used excessive force.

3

2.      *Background Facts Concerning Admission of Chavez's Testimony*

The issue of allowing evidence concerning Zarris's internal investigation of Chavez's use of force first came up before opening statements, when defense counsel asked the court to bar evidence of the investigation as irrelevant. The trial court agreed. The prosecutor said she would only try to introduce evidence of the investigation to rehabilitate Chavez if his credibility were attacked. The trial court agreed to revisit the issue in that event.

During the defense opening statement, St. Pierre's lawyer said the evidence would show that Chavez was a "[rogue] cop who acted outside the scope of his duties" and used "force that was entirely unreasonable and unnecessary." In response, the prosecutor asked the court to allow in evidence of the internal investigation. Defense counsel objected that: it was for the jury to decide whether Chavez used excessive force; the proffered testimony was an impermissible form of vouching for Chavez; and the proposed testimony was both hearsay and lacked foundation.

The prosecutor said that evidence of the investigation was relevant because she had the burden of proving the deputies used lawful force. The evidence would show that "there was an investigation, and the deputies were cleared of any wrongdoing in the course of duty and was deemed to have been what they were trained to do and within reason." The prosecutor noted that she and defense counsel were considering a stipulation that would allow Chavez to testify about these matters. Barring that, the prosecutor said, Sgt. Zarris was available to testify about "the in's and out's of the procedures as well as the findings surrounding the internal investigation." The prosecutor answered yes when the trial court asked whether she would offer Zarris's testimony "specifically to address basically use of force policy and answer the question of whether or not the use of force as testified by Deputy Chavez was within [the department's policy]."

Defense counsel objected again that the reasonableness of the force used was a jury question. "I understand what the court's inclined to do, and given that the court is

4

inclined to allow the People to bring this evidence in, my last argument is we do believe that it is highly prejudicial to . . . allow this person to come in and testify hypothetically speaking that this officer acted within the scope of his employment. It's not an independent expert, but somebody within their own department."

By this point in the trial, Chavez's testimony was underway and the trial court pointed out that Chavez had been cross-examined by the defense about his use of force. In light of that and the defense opening statement, the trial court ruled that evidence of the internal investigation was relevant to the issue of whether unlawful force had been applied and was not unduly prejudicial. The trial court noted that Zarris's testimony would be limited to "his experience to his investigation and his findings as well as a brief summary of the appropriate use of force and the escalation of use of force what is appropriate and not appropriate in the given circumstances."

When locating Zarris became difficult, the parties agreed that Chavez could be asked if the use of force was reported, if there was an investigation, who conducted the investigation, and the results. Shortly after Chavez testified: "I was cleared of any wrongdoing. I didn't do anything illegal. I was within the scope of my department's policy, and I believe that was really as far as the investigation goes."

3.  *St. Pierre's Stipulation to Have Chavez Testify Did Not Waive His Objections*

Respondent contends that St. Pierre waived any objections when his lawyer stipulated to having Chavez testify instead of Zarris. We disagree. The trial court had already ruled that Zarris would be allowed to testify both as an expert and about his investigation, making any further objections futile. (*People v. McKinnon* (2011) 52 Cal.4th 610, 654.) Under the circumstances, defense counsel's stipulation to let Chavez testify instead when the prosecutor had trouble tracking down Zarris does not amount to a waiver of his overruled objections and falls more into the category of a defensive move made in light of the realities that he had lost on that issue. (*People v. Turner* (1990) 50 Cal.3d 668, 704, fn. 18; *Williamson v. Pacific Greyhound Lines* (1949) 93 Cal.App.2d 484, 487.)

4.      *The Trial Court Erred By Allowing Evidence of the Investigation*

St. Pierre contends the trial court erred by allowing evidence of the internal investigation that purported to clear Chavez of any wrongdoing because that evidence was both hearsay and unduly prejudicial under Evidence Code section 352. Respondent does not dispute that the evidence was hearsay. Instead, it contends that the evidence was admissible under the rule that expert witnesses may rely on hearsay evidence to form their opinions. (*People v. Hill* (2011) 191 Cal.App.4th 1104, 1121.)[1]

We do not dispute that Zarris would have been competent as an expert witness to opine about the proper techniques an officer should employ when attempting to control an uncooperative detainee. The prosecution was entitled to put before Zarris a set of hypothetical facts that mirrored the present incident. Zarris appears to have been qualified to express an expert opinion that, based on those facts, the officer's conduct was within reasonable departmental policy. But that is not what happened here. First Zarris, and then ultimately Chavez himself, testified that the internal investigation cleared Chavez of improper conduct. That is not expert testimony. That is evidence of a percipient witness about what happened in a separate proceeding, and is hearsay.[2] (Compare *Munoz v. City of Union City* (2004) 120 Cal.App.4th 1077, 1090-1093 [dueling experts for plaintiff and defendant testified about officer training, procedures, and proper

---

[1]      We believe respondent wisely chose to forego an argument that evidence of the investigation was not hearsay. Evidence of such an investigation necessarily turns on out-of-court statements by various witnesses and other interested parties and is therefore inadmissible hearsay absent some exception to the hearsay rule. (See *Conservatorship of Manton* (1985) 39 Cal.3d 645, 648-649.)

[2]      Because we conclude the trial court's error was harmless, we need not reach St. Pierre's companion contention that the trial court erred in admitting the evidence because it was more prejudicial than probative under Evidence Code section 352.

6

response to situations], disapproved on other grounds in *Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 639, fn. 1.)**3**

5.      *The Hearsay Evidence Was Not Prejudicial*

As St. Pierre concedes, even if error occurred we do not reverse unless we conclude that a different result was reasonably probable in the absence of that error. (*People v. Carrillo* (2004) 119 Cal.App.4th 94, 103.)  In this case, therefore, we must determine whether the jury would more likely have found that Chavez used excessive force if it had not heard the evidence of the internal investigation.  Determining whether a police officer used excessive force requires us to apply an objective reasonableness standard, where we view the officer's conduct from the perspective of a reasonable officer on the scene, not in hindsight.  (*Allgoewer v. City of Tracy* (2012) 207 Cal.App.4th 755, 762.)  This requires careful attention to the facts and circumstances of each case, including the severity of the crime, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to flee.  (*Ibid.*)

Applying the standard of objective reasonableness mentioned above, no reasonable jury could have believed that Chavez used excessive force under the circumstances.  St. Pierre does not contend that the force used by Deputy Chavez was excessive if St. Pierre acted as Chavez described the incident.  Instead, when addressing the prejudice issue in his appellate reply brief, St. Pierre contends Chavez overreacted when St. Pierre "raised his hand to defend himself."  Therefore his prejudice argument turns on whether the jury was more or less likely to believe Chavez's version of events without Chavez's testimony about the internal investigation.

---

**3**      Because we ultimately conclude the trial court's error was harmless, we need not reach St. Pierre's companion contention that the trial court erred in admitting the evidence because it was more prejudicial than probative under Evidence Code section 352.

7

The only contrary evidence on this point came from the motorist, who claimed that St. Pierre had done nothing wrong. That testimony was impeached by the testimony of another deputy, who said he talked to the motorist after the incident and the motorist essentially confirmed Chavez's version of events. The motorist did not testify that any greater degree of force was used than that described by Chavez. The jury deliberated just 81 minutes before reaching its verdict. Finally, the prosecutor mentioned the investigation only in passing during her jury argument and did not dwell on or emphasize the point. Based on the above, it appears that the jury did not credit the motorist and, instead, accepted Chavez's account of St. Pierre's conduct. We do not believe that the absence of evidence about the internal investigation would have altered this result. We therefore conclude that a different result was not reasonably probable had Chavez not testified about the internal investigation, making the error harmless.

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


FLIER, J.

8