[No. 10,614.—Department Two.]

## THE PEOPLE *v.* BARRALLIS SOTO.

59   367.<br>121   163.

FALSE TESTIMONY—INSTRUCTIONS—JURY.—The jury may reject the whole of the testimony of a witness who has willfully sworn falsely as to a material point.

ID.—ID.—ID.—CASE DISTINGUISHED.—*Otmer* v. *The People* (76 Ill. 149) distinguished.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the County of Alameda. GREEN, J.

*George W. Lewis,* for Appellant.

The Court, in giving the instruction, invaded and usurped the prerogative of the jury. (Art. vi, § 19 Const.; C. C. P.,

§§ 1847, 2061, subd. 3.) The instruction was not given in the language of the statute, nor in words equivalent thereto. (C. C. P., § 2061, subd. 3; *People* v. *Sprague*, 53 Cal. 494; *People* v. *Hicks*, id. 355; *Mack* v. *The State*, 48 Wis. 286; *Stuckey* v. *The State*, 7 Tex. Ct. App. 178; *Hunt* v. *State*, id. 212; *Butler* v. *State*, 3 id. 49; *Leverett* v. *State*, id. 218; *Searcy* v. *State*, 1 id. 440; *Kelly* v. *State*, id. 628; *Harrison* v. *State*, 8 id. 183.) The instruction is too broad. (*Otmer* v. *The People*, 76 Ill. 149; *Peak* v. *The State*, id. 289; *Blanchard* v. *Pratt*, 37 id. 246; *Crabtree* v. *Hagenbaugh*, 25 Id. 233; *Meixsell* v. *Williamson*, 35 Id. 531; *Hall* v. *Renfro*, 3 Metc. (Ky.) 55; *Mercer* v. *Wright*, 3 Wis. 645; *Callahan* v. *Shaw*, 24 Iowa, 444.)

*A. L. Hart*, Attorney General, for Respondent.

The charge is correct. (C. C. P., § 2061, subd. 3; *People* v. *Sprague*, 53 Cal. 494.)

MORRISON, C. J.:

On the trial of the above case the Judge of the Superior Court gave the jury the following instruction:

"If you believe that the defendant, or any other witness in this case who has testified, has willfully testified falsely in regard to any fact material to the issue, you are at liberty to disregard and entirely discard the whole testimony of such witness in coming to your verdict."

It is claimed on behalf of the defendant that the above instruction was erroneous, inasmuch as the Court thereby invaded the province of the jury. In support of this view, the learned counsel refers the Court to several cases decided by the Supreme Court of Illinois, the most recent of which is that of *Daniel Otmer* v. *The People of the State*, reported in 76 Ill. 149. But that case does not support the view contended for, and it was there held as follows: "On the trial of a party indicted for murder, the defendant was sworn and testified, and the Court instructed the jury that if they believed from all the evidence that he had knowingly sworn falsely in regard to any material point in the case, they *ought* to disregard his testimony on all material points, except so far as he was corroborated by other evidence in the case.

*Held,* that the instruction was erroneous. It would have been proper if it had told the jury they *might* disregard his testimony, etc., leaving the jury to determine for themselves whether to give his testimony any weight." The Court there says: "The word 'ought,' as here used, means, in its ordinary sense, to be held or bound in duty or moral obligation." The instruction, as worded, was held to be an invasion of the exclusive province of the jury to pass upon the credibility of the witness, and was therefore erroneous.

The case of *Callahan* v. *Shaw,* 24 Iowa, 444, is also relied upon as an authority favorable to the defendant. In that case it was said by the Court: "Neither is the evidence of a witness to be disregarded, who on any material fact testifies falsely, unless such testimony is knowingly and willfully false, for it may result from an honest mistake, an infirmity of memory, or want of comprehension of the subject whereby his honesty would in no degree be impeached. The maxim '*falsus in uno falsus in omnibus*' is applied only where the witness willfully and knowingly gives false testimony."

The provisions of the Code of Civil Procedure, to the effect "that a witness false in one part of his testimony is to be distrusted in others," was considered by the Court in the case of *The People* v. *Sprague,* 53 Cal. 494, and it is there said: "The maxim '*falsus in uno falsus in omnibus*' is not to be construed as authorizing a Court to charge, that if a witness *perjures* himself in respect to one or more particulars, the jury must reject all his evidence. (*People* v. *Strong,* 30 id. 156.) The rule is that the jury may reject the whole of the testimony of a witness who has willfully sworn falsely as to a material point; that is to say, the jury, being convinced that a witness has stated what was untrue, not as the result of mistake or inadvertence, but willfully, and with the design to deceive, must treat all his testimony with distrust and suspicion, and reject all, unless they shall be convinced, notwithstanding the base character of the witness, that he has, in other particulars, sworn to the truth."

The instruction in this case was properly given under the authority of the case last cited. The Court did not tell the jury that they *ought* to reject, or that they *must* reject the

entire evidence of the witness, but simply instructed them that they were *at liberty* to disregard and discard the whole evidence of a witness who had willfully testified falsely to a material fact in the case. We are at a loss to see how the Court, by leaving the matter entirely within the discretion of the jury, in any manner invaded its province, and we think the instruction was a correct and proper one.

Judgment and order affirmed.

THORNTON and SHARPSTEIN, JJ., concurred.