[Crim. No. 1522.   First Appellate District, Division Two.—March 13, 1929.]

THE   PEOPLE,   Respondent,   v.   JOSEPH   C.   ROSA, Appellant.

Albert M. Armstrong for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with having committed the crime of arson. The defendant appeared and pleaded not guilty. The action was tried before the court sitting with a jury. The jury returned a verdict of guilty. The defendant made a motion for a new trial, the motion was denied and judgment was pronounced on the verdict as rendered. The defendant has appealed and has brought up a typewritten record.

The evidence introduced at the trial showed without conflict that about half-past 2 o'clock in the morning on March 18, 1928, St. Joseph's Catholic Church, located in the town of Mountain View, was destroyed by fire. The fire broke out on the outside of the church under or near the stairs. That fact and other facts introduced by the prosecution showed that the fire was incendiary. As to who set the fire rested on circumstantial evidence. The defendant attempted to prove an alibi, and, in doing so, to account for his movements from Thursday, March 15, 1928, to and including Sunday, March 18, 1928.

The defendant makes several points. We will not discuss all of them. We have examined each point and the record in connection with it. Those points which we do not discuss have not, in our judgment, any merit. We will proceed to discuss the points that seem to have merit.

■ (1) The chief of police was called as a witness by the prosecution and was asked if he held a conversation with the defendant shortly after the fire. When he stated that he did have he was asked to state the conversation. The defendant interposed no objection. The witness proceeded: "I asked him, I said, 'Do you belong to the I. W. W.' He said, 'Yes, I do, I am proud of it.' Mr. Armstrong: We ask that portion be stricken out as not connected with the *res gestae* in this matter whatever organization he belongs to. The Court: The court will allow you to tell the conversation." As the portion of the conversation was "not connected with the *res gestae* in this matter," the motion should have been granted. The importance of the ruling appears as we proceed. ■ The witness J. A. Meek delineated a conversation he had with the defendant. In that conversation he asked the defendant where he was on Friday night, two days before the fire. Continuing he stated that the defendant replied that he had listened out of his window to exhortations or speeches of a man connected with the I. W. W. In his argument to the jury the district attorney said: "This boy's mother, who brought him into the world, now has nothing to do with him since the I. W. W. got hold of him." The defendant objected and assigned the remark as a misstatement of the evidence and reversible error. The trial court ruled that the jury could determine whether the remark was supported by the testimony. The district attorney continued: "That is not the testimony, that is simply my conclusion." That conclusion was formed in part at least on the evidence which the trial court refused to strike out. If we are correct in what we have said regarding the soundness of the motion to strike, it follows that the ruling last discussed continued the error.

■ (2) The defendant requested and the trial court refused to instruct the jury, "I charge you that when circumstantial evidence is relied upon to establish guilt, it must be sufficient to exclude every other rational hypothesis than guilt of the defendant, *but not necessarily exclude every other hypothesis;* and that the circumstances relied upon to establish guilt must be consistent with that hypothesis and inconsistent with any other rational conclusion." The portion italicized might well have been omitted. The

instruction was apparently taken from the text of the opinion in *People* v. *Ward,* 105 Cal. 335 [38 Pac. 945]. The portion italicized made the requested instruction somewhat involved, but the instruction was not incorrect.

(3) The defendant requested and the trial court refused to instruct the jury, "Circumstances relied upon to establish guilt must be consistent with that hypothesis and inconsistent with any other rational hypothesis." The respondent does not contend that the instruction, as worded, is not sound. As to that requested instruction, and as to the other one just discussed, the subject matter was touched on by the trial court. (Rep. Tr., 371–374.) The court was evidently making extemporaneous remarks. Those remarks were of such a nature that it cannot be said that the subject matter of the requested instructions was covered by the instructions which were given. Therefore both requests should have been granted.

(4) The defendant contends that the trial court erred in giving the following instruction: "As a general principle of law, a witness that tells an untruth in part of his testimony, you are justified in viewing all other testimony of that witness with suspicion, with caution; and if you find that a witness deliberately falsifies, under oath, then you can reject the whole of his testimony, if you see fit, especially so, and it must be so, if that testimony is upon some material issue in the case." The defendant contends that the use of the word "must" is not supported by the law. The contention is well founded. (16 C. J. 956; Code Civ. Proc., sec. 2061, subd. 3; *People* v. *Soto,* 59 Cal. 367.) The error was emphasized by the incident which is attached in the next point which we will discuss and which, in time and substance, was immediately connected therewith.

(5) During the introduction of testimony the prosecution called W. J. Dreschmeier, a detective attached to the office of the district attorney. He testified to conversations he had with the defendant. When the defense was putting in its case .it called to the stand the defendant. Among other things he rebutted the testimony given by the witness Dreschmeier as to what was said in the conversation. While instructing the jury the trial court recited these facts quite fully, stating the names of persons, times, and places. And then the court said: "If you believe this

defendant . . . then Dreschmeier is entirely out of place as an officer . . . but if you find that (defendant's testimony) is not true you can disbelieve the whole testimony of the defendant if you see fit . . . one or the other is perjuring himself. . . ." The defendant claims that the instruction last referred to was an invasion by the trial court of the province of the jury. We think it was. The result of the ruling, taken in connection with the ruling discussed in the preceding point, operated to deprive the defendant of the only defense he had—his testimony under oath.

■ (6) In delivering its charge and reading instructions the court made a statement denouncing the epithets used by counsel in argument. The arguments were not written up. The statement by the court was made of and concerning comments on the witness Haley. That witness was called by the prosecution. The defense contends that by the mentioning of the name of the witness the jury must have understood the court to be expressing its opinion on the veracity of the witness named. The point is not without merit. (*People* v. *MacDonald*, 167 Cal. 545 [140 Pac. 256].)

For the reasons hereinabove stated the order denying a new trial and the judgment of conviction are reversed.

Nourse, J., and Koford, P. J., concurred.