[Sac. No. 4315. In Bank.—October 1, 1930.]

ENRICO MARTINELLI, Respondent, v. JOSEPH POLEY, Appellant.

Myrick & Deering and Scott for Appellant.

Edmund J. Holl for Respondent.

CURTIS, J.—The plaintiff in this action was injured in a collision between a passenger automobile, in which he was riding as a guest of the appellant, and an autotruck, driven by W. Barlow and owned by William McDermott. The collision occurred at the intersection of B and Third Streets in the town of Davis, Yolo County, in this state. B Street runs north and south and is intersected practically at right angles by Third Street, which runs east and west. The car in which plaintiff was riding at and just prior to the injury was traveling in a northerly direction and on the right or easterly side of the highway. The truck with which it collided was traveling in an opposite direction and on the

westerly side of B Street, and when it reached the intersection of the two streets it attempted to make a left-hand turn into Third Street with the result that the two machines collided at the intersection, seriously injuring the plaintiff. Plaintiff instituted this action for damages against not only the appellant herein, the driver of the machine in which he was riding as a guest, but also against the driver and owner of said autotruck. The action was tried by a jury, which rendered a verdict in favor of the plaintiff against all of said defendants in the sum of $3,146.50. No question is raised as to the amount of the verdict, but on motion for a new trial the trial court, for errors of law occurring during the trial, set aside the judgment as to the driver and owner of the truck, but allowed it to stand as against the driver of the machine in which the plaintiff was riding. From this judgment said defendant has appealed.

On this appeal the appellant contends that he is entitled to a reversal of the judgment upon three grounds; namely:

1. Insufficiency of the evidence to justify the verdict;

2. Error on the part of the trial court in permitting the witness Stitt to testify as to the location of the center point of intersection of B and Third Streets; and

3. Error in giving certain instructions to the jury.

We consider these assignments of error in the order just named.

■ The plaintiff, appellant and four other persons, who appeared as witnesses at the trial of the action, composed a theatrical troupe, and at the time of the collision were returning from Chico, California, to San Francisco for the purpose of appearing in a theatrical engagement in the latter city. They were traveling in two automobiles, one driven by appellant, in which the plaintiff and one other member of said troupe were riding, the plaintiff occupying the front seat with the driver, and the third passenger riding in the rear seat. The other three members of the troupe were riding in the other car, which was following the car in which the plaintiff and appellant were riding. These six persons testified as plaintiff's witnesses at the trial, and it may be conceded that the testimony of all of these witnesses, with the possible exception of the plaintiff, was to the effect that the collision was due to the negligence of the driver of the autotruck in turning suddenly and abruptly at said

street intersection into Third Street without giving any warning and thereby passing immediately in the path of the machine driven by the appellant. These witnesses further testified that at and just prior to the collision the appellant was traveling on the easterly side of the highway and at a speed of about twenty miles per hour, while Barlow, the driver of the truck, was traveling twenty-two to twenty-five miles per hour when he made the left turn at the intersection and collided with the machine of the appellant. The plaintiff testified that his attention was directed more to the scenery along the route just prior to the accident than at the highway over which they were traveling and when he observed the truck it was about five feet from "our car and struck it sideways, and that is all I remember. I don't remember whether the truck driver had his hand out or not." Were this all the evidence in the case, it is clear that the contention of appellant as to the insufficiency of the evidence would have to be sustained.. But the evidence of the driver of the truck, corroborated by the witness Sutton, was in direct contradiction to that given by the above mentioned witnesses. Barlow testified that when he went to make the turn at the street intersection the Poley car was about 150 feet to the south; that at the time he made the turn into Third Street he had his signal out for a left-hand turn and was traveling from six to six and one-half miles per hour. "This other car was coming right along. I don't know how fast exactly. I had no speedometer or nothing to tell. He hadn't slowed up in speed. He was driving at that time about twenty-five or thirty, or may be more. It took me to stop about two or three feet, two feet, something like that. I don't know exactly." Another witness, Rehm, testified that the Poley car was being driven at about thirty-five miles per hour, while the evidence showed that there were skid marks on the highway made by the Poley car twenty-one feet in length leading in a southerly direction from the scene of the accident. It is evident from this brief *résumé* of the evidence that there is a marked and substantial conflict therein as to whether or not plaintiff's injury was not caused by the negligent acts of the appellant. This conflict the jury, by their verdict, resolved in favor of the plaintiff and against the appellant. On motion for a new trial the trial court refused to set aside the

verdict. Under this state of the case an appellate court is without power to reverse the judgment on the ground of the insufficiency of the evidence.

■ This action was commenced in the Superior Court of the City and County of San Francisco, the place of residence of the plaintiff. A motion was granted to have the place of trial changed to the Superior Court of the County of Yolo, the place of residence of the defendants, Barlow and McDermott. Plaintiff resisted said motion and asked that the trial of said action be retained in the city and county of San Francisco upon the ground of the convenience of witnesses. In support of his demand for the retention of said action in the city and county of San Francisco the plaintiff filed his own affidavit, which, among other things, set forth the names of his witnesses and a statement of facts which he expected to prove by said witnesses. In this affidavit the plaintiff named as witnesses who would testify at the trial in his behalf the appellant and the four other members of said theatrical troupe, already referred to, together with a statement of facts to which each of said witnesses would testify. The statement of facts, thus set forth in plaintiff's said affidavit, agreed in all substantial respects with the testimony which these same witnesses subsequently gave at the trial of the action. Appellant contends, therefore, that the plaintiff having called these witnesses with full knowledge as to what they would testify is bound by their testimony, and that as the testimony of these witnesses completely exonerated appellant, plaintiff should not be permitted to recover against him. As we have already stated, plaintiff brought his action not only against the appellant, but also against Barlow and McDermott, the driver and owner of the autotruck. Plaintiff was entitled to introduce any competent evidence which would tend to establish the negligence of either the appellant or the other two defendants in the case. The fact that the evidence of some of plaintiff's witnesses exonerated appellant and tended to show that the other two defendants were responsible for plaintiff's injuries, should not deprive plaintiff of the benefit of the evidence of other witnesses whose testimony tended to prove the negligence of the appellant. Plaintiff at the trial introduced the testimony of the five witnesses above referred to. He then introduced in evidence the deposition of Bar-

low. He thus made out a *prima facie* case of negligence against appellant as well as against Barlow and McDermott. But if we follow the reasoning of appellant, the plaintiff was out of court entirely. By knowingly introducing the evidence of the five witnesses who testified to Barlow's negligence thus exonerating appellant, he was bound by their testimony, and was accordingly precluded from recovering against appellant, and by introducing the deposition of Barlow, the contents of which the plaintiff was presumed to know, plaintiff was bound by the testimony of Barlow, and accordingly could obtain no relief against Barlow or his employer. Obviously, the appellant has cited no authorities in support of this unusual and illogical contention. In our opinion, it is entirely without merit.

The only error assigned by appellant as to the admission of evidence relates to the testimony of witness Stitt, who was a surveyor and engineer. He testified that he had visited the scene of the collision, took certain measurements of the streets, and made observations as to the location of trees and dwellings along the highway at or near the intersection of the two streets, where the collision occurred, and had measured the distance from these objects to the streets at said intersection. He made a map of the street intersection and of the lands adjacent thereto. On this map were depicted the streets and other objects just referred to. This map was admitted in evidence and was used by many of the witnesses in connection with their testimony. The streets were not paved except in the center of B Street the state highway, eighteen feet in width, runs for some distance both north and south of Third Street. There is no button or other mark indicating the center of the street intersection. North of Third Street B Street appears to be curbed and the street is fifty feet between the curbs. Third Street is not paved at or near its intersection with B Street. Appellant contends that the traveled portion of Third Street is fifty-three feet in width and, therefore, the median line of said street would be twenty-six and one-half feet south of and parallel to the north curb thereof. The witness Stitt placed said line twenty-five feet south of said curb, or one and one-half feet north of the location claimed therefor by appellant. He was permitted to testify that in his opinion the center line of Third Street should be

located as shown on said map. Appellant attaches considerable importance to the location of this center line for the reason that he contends that Barlow in making the left turn at said intersection "cut the corner" and ran to the north of said center line. As we view the case in its present state, we think the point made by appellant is of but slight importance. Were Barlow and his employer before us, then the fact whether Barlow cut the corner in making the turn into Third Street might be of material importance to determine whether Barlow was guilty of negligence in so doing. But as between the appellant and respondent, the testimony most favorable to the respondent, and that which we are in law bound to adopt and follow, shows that Barlow made the turn after giving the required signal or warning when the appellant was some 150 feet south of said street intersection. The jury could well have determined from this evidence that the appellant had sufficient time to observe Barlow as he made the turn into Third Street and by the exercise of ordinary care could have avoided the collision by turning his car to the left and thereby missed Barlow altogether. In this case, as between the parties to this appeal, the question of Barlow's negligence is of slight moment, provided the testimony was sufficient to establish the negligence of the appellant, which, according to our views already expressed, was ample for that purpose. If, therefore, the court erred in the admission of this testimony of Stitt, such error was not prejudicial to the appellant.

Appellant takes exception to the action of the trial court in giving certain instructions to the jury. The first of these instructions given by the trial court to which appellant objected is as follows: "If you believe from the evidence that all of the allegations contained in plaintiff's complaint have been proven, then I instruct you that your verdict must be in favor of plaintiff, and against defendants." Instructions of this character where reference is made to the pleadings and which cast the burden upon the jury of ascertaining the issues in the case from the pleadings, instead of setting forth a clear statement of the issues have been severely criticised in some jurisdictions. (*Illinois Central R. R. Co.* v. *King,* 179 Ill. 91 [70 Am. St. Rep. 93, 53 N. E. 552]; *Robinson* v. *Berkeley,* 100 Iowa, 136 [62 Am. St. Rep. 549, 69 N. W. 434].) We do not find, how-

ever, that any cause has been reversed solely for this reason. It is a practice not to be commended, and tends more to the confusion of the jury than to their enlightenment.

It is, however, not sufficient cause for a reversal of the judgment.

Objection is further made to this instruction for the reason, as contended by appellant, that it is a formula instruction and that it omits all reference to the defense of contributory negligence. In the present action contributory negligence was not set up as a defense to plaintiff's cause of action. ▉ It is well settled that contributory negligence in order to avail the defendant must be specially pleaded. But in the absence of such a defense set up in the answer, when contributory negligence can be inferred from the circumstances proved by the plaintiff, plaintiff cannot recover. ▉ Therefore, if it be conceded that the instruction of which complaint is made is a formula instruction, in the absence of contributory negligence being specially pleaded as a defense, it would not be necessary to include in said instruction any reference to contributory negligence, unless from the evidence of the plaintiff contributory negligence has been proven or may be inferred. We find nothing in the evidence, either that admitted on behalf of the plaintiff, or that introduced by the defendants, that would tend to show that plaintiff was guilty of contributory negligence. He was simply riding with the appellant as a guest of the latter, and had no power of control over the machine in which they were traveling. Nothing had happened during the trip, so far as the evidence shows, at least until the collision occurred, which indicated in any manner that the appellant was not driving his machine in a perfectly proper and careful manner. There was no reason for the plaintiff, therefore, to be apprehensive of his safety while riding with appellant or to take any unusual precautions against their running into danger. Just before the accident happened he was observing the houses along the highway and was not looking in front of the machine and therefore did not see Barlow's truck until it was about five feet from the car in which he was riding. It was then too late for him to caution appellant regarding the latter's driving, or to do anything else to avoid the collision. There is nothing in this conduct of the plaintiff which would tend

in the least to prove that he was guilty of contributory negligence in causing the injury sustained by him as a result of the collision. The instruction, therefore, was proper and the court was not in error in giving it.

Appellant also takes exception to the following instruction: "You are instructed that a witness false in one part of his testimony is to be distrusted in others, and if you believe from the evidence that any witness has wilfully testified falsely in any part of his testimony, *then it is a presumption of law that he has testified falsely in other parts thereof* and you are entitled to distrust him as to the whole of his testimony." The part of the instruction which we have italicized above is the part to which the appellant objects and contends that the giving of the instruction with this objectionable part included was error on the part of the trial court entitling the appellant to a reversal of the judgment. ■ This instruction was given by the court at the request of the defendants Barlow and McDermott, and not at the instance or request of the plaintiff. We do not understand, however, that this fact would make any material difference as to the force or effect of the instruction. If it was given by the court the jury were justified in acting upon it, and the consideration given to it by the jury would be the same whether the instruction was given at the request of one party to the action or of the other. The error in either case, if the instruction were erroneous, would be the same, except that the party who offers the instruction cannot complain of the action of the court in giving it. We think the appellant, as he was not in any way responsible for the giving of the instruction, has the right to complain of any erroneous statement of law contained therein which injuriously affected his rights in the action or trial.

■ The instruction is based upon subdivision 3 of section 2061 of the Code of Civil Procedure, which reads as follows: "That a witness false in one part of his testimony is to be distrusted in others." We find no precedent in the decisions of this state, and our attention has not been called to any in other jurisdictions which sanctions or justifies the giving of the instruction in the form in which it was given to the jury by the court in this action. We question, however, whether the appellant has been seriously prejudiced by any statement contained in the instruction.

The jury were told that if a witness has wilfully testified falsely in any part of his testimony, then it is a presumption of law that he has testified falsely in other parts thereof (a statement which we think was clearly erroneous and unauthorized under any provisions of law in this state), yet the jury were told that if they had this belief then they were simply "entitled to distrust him as to the whole of his testimony." They were not told that they must distrust or reject his testimony as was the case in a case relied upon by the appellant, *People* v. *Rosa,* 97 Cal. App. 501 [275 Pac. 961]. On the other hand, the words of section 2061 of the Code of Civil Procedure were followed by the court in the forming of the instruction, and particularly that part of the instruction defining the power of the jury in respect to the testimony of a witness whom the jury believed had testified falsely in one part of his testimony. All the jury were told was that they were entitled to distrust such a witness as to the whole of his testimony. We cannot feel that any prejudicial results followed from the giving of this instruction.

 Complaint is also made by appellant to instruction 18, respecting the damages to be allowed the plaintiff in that it contravenes section 3283 of the Civil Code, which provides that "damages may be awarded, in a judicial proceeding, for detriment resulting after commencement thereof, or certain to result in the future." Like objection was made to an instruction similar to the said instruction 18 and the objection overruled in the case of *Burk* v. *Extrafine Bread Bakery,* 208 Cal. 105 [280 Pac. 522]. In *Norton* v. *Houlette,* 85 Cal. App. 233, 237 [258 Pac. 1104, 1106], the court gave extended consideration to an instruction similar in principle to instruction 18 in the present action, and held that "while not to be commended, the instruction of which complaint is made was not prejudicial to the rights of defendants." (See on this subject, *Scally* v. *W. T. Garratt & Co.,* 11 Cal. App. 138 [104 Pac. 325].)

A number of other instructions are criticised by appellant. We have carefully examined each of them and have given consideration to the argument of appellant in support of these criticisms. In our opinion, these instructions contain no prejudicial error, and we think it is unnecessary to set

out these instructions or the grounds upon which they are sustained.

Since the oral argument of this appeal both appellant and respondent have filed supplementary briefs as to the effect of section 141¾ of the California Vehicle Act (Stats. 1929, p. 1580), which section was enacted and went into effect subsequent to the entry of the judgment in this action. At the time of the filing of said briefs this court had never passed upon the question as to the retroactive effect of said section and whether or not it applied to pending actions. On July 24, 1930, however, this court handed down a decision in which it was held that section 141¾ of the California Vehicle Act, as amended, does not in any way affect causes of action for damages for personal injuries existing on August 14, 1929, the date the statute took effect. (*Callett* v. *Alioto, ante,* p. 65 [290 Pac. 438].) The ruling in this last-named case is a complete answer to the contention raised by the appellant as to the effect of said statute upon the present action.

We find no error in the record in this action which would justify a reversal thereof.

The judgment, therefore, is affirmed.

Richards, J., Shenk, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.