[Civ. No. 9272. Second Appellate District, Division One.—December 10, 1934.]

JUNE CRAWFORD, Respondent, v. CARMEN ROSE, Appellant.

Harry D. Parker, Horace W. Danforth, Raymond G. Stanbury and Vernon W. Hunt for Appellant.

Charles W. Gorham and Marion P. Betty for Respondent.

THE COURT.—The instant appeal by defendant is from a judgment that was rendered in favor of plaintiff in an action for damages for personal injuries which were caused by a collision that occurred between an automobile in which at the time of the accident plaintiff was riding as a guest of the owner thereof, and another automobile which at said time was owned and operated by defendant.

The first point urged by appellant as a sufficient reason for the reversal of the judgment is that, in the course of the redirect examination of one of the witnesses produced by plaintiff, said witness stated that "she had been told that defendant was 'covered by one of the largest insurance companies that should make a good settlement' ".

It appears that during the cross-examination of the witness, over the objection of counsel for plaintiff, a statement that had been signed by the witness prior to the time of trial was introduced in evidence for the purpose of impeaching certain testimony that had been given by the witness

on her direct examination. On her redirect examination, it was developed that the statement then in question had been written by an agent for an insurance company in which plaintiff was protected from any liability that might arise from an automobile accident; and in the course of such redirect examination, after the witness had testified regarding the conversation that preceded the signing of the written statement, she was asked: "Did you have any further conversation?" To which she replied: "After he got the statement he stood up and spoke to Mrs. Crawford and told her he hoped she didn't feel—she would feel better and it was obvious our driver was not to blame. He said: 'The people who hit you are covered by one of the largest insurance companies that should make a good settlement' and we asked him if he would see our lawyer Mr. Gorham, and he asked for Mr. Gorham's address at the time and I said I didn't know it, that he could go and see him and he said, 'I will go and see him this afternoon.' "

No objection was made by defendant to the question asked the witness; no motion was made to strike the objectionable statement from the record; nor was any request made by defendant to the trial court to instruct the jury to disregard such statement. To the contrary, in at least two separate statements defendant's counsel clearly admitted the right of plaintiff to cross-examine the witness with reference to the circumstances in which the witness had made such written statement. He said: "The cross-examination on this statement which was offered in evidence by the defendant entitled the plaintiff to make inquiry as to the statement. . . . if we produced a statement that is inconsistent with any statements that she makes on the witness stand they have the privilege of going into the circumstances of that statement, they have that right, . . . " More than that, in the absence of the jury the defendant made the following statement: "I will ask the court not to give any instruction on this question unless it is an instruction tendered by the defendant. In other words, I don't want any instruction to be given by the court on the question of insurance, unless it is in the form as tendered by defendant and I shall base that instruction on a case I will cite."

Without reference to the authorities that bear upon the question of what prejudice may result to an aggrieved party

in circumstances similar to those here presented, it is the judgment of this court that, the entire situation in the instant case considered, defendant has no just cause for complaint.

▉ Along similar line, appellant also complains that in the course of his argument to the jury the attorney who represented plaintiff referred to one of the witnesses produced by defendant as "just an insurance investigator", and "a man connected with insurance companies". In that regard, an examination of the record, as shown by the reporter's transcript of the proceedings, reveals the fact that evidence was adduced from which plaintiff was justified in assuming that the witness to whom reference was had in fact was "connected with insurance companies", and that to some extent his time was occupied as an "investigator". It therefore becomes apparent that the complaint here made is without substantial foundation.

▉ Effort is also made by appellant to convince this court that she was prejudicially affected in her defense to the action by the giving of certain instructions to the jury. These objections of appellant are directed to plaintiff's numbers 20-A, 7-A, 8-A, 9-A, 12-A, and 4, which are set out on pages 522 et seq., to supplement of appellant's opening brief. The criticisms presented by appellant deal principally with claimed errors in some (not all) of the court's instructions touching the defense of contributory negligence of the plaintiff, and with claimed conflicts between the rules stated in these instructions and those found in other instructions given to the jury. While these criticisms are well argued by appellant and have enough merit to require close examination of the case in relation to such instructions, we are not convinced that such defects as might be found in these instructions were not remedied by other instructions given to the jury, without the creation thereby of any harmful inconsistency or result prejudicial to the substantial rights of the defendant in the premises. ▉ Prior to the instant of collision between the defendant's automobile and the automobile in which plaintiff was riding as a guest, and down to that moment, the plaintiff had been riding in the "rumble seat" behind the driver. It was a cold and foggy night. The plaintiff had covered herself with a blanket and at no time prior to the accident was her

head uncovered. It is not the law that under all possible circumstances one who is riding as a guest in such a vehicle must watch the road and the driver, and hold himself in readiness to give directions to the driver concerning the dangers of the road. On the facts of this case we think that the defense of contributory negligence, or any negligence, on the part of the plaintiff is so completely without merit that even if the instructions on that subject were in some particulars not precisely correct, such errors were not prejudicial to the substantial rights of the defendant, and it cannot be said that they produced any miscarriage of justice.

█ Finally, appellant complains that the amount of the verdict was excessive. The evidence and the law with reference thereto considered, this court is of the opinion that the jury was authorized to find the damages suffered by plaintiff in the amount indicated in the verdict.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 9, 1935, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing of this appeal is denied. █ Complaint is made that this court's opinion filed in our decision of the case did not discuss appellant's assignment of error of the trial court in denying the motion for a new trial, with reference to the proposed testimony of newly discovered witnesses. We think that the testimony in question is in substance only cumulative to that of other witnesses who testified at the trial. Appellant at that time knew of the existence and identity of these additional witnesses, but had not been able to locate them. It may well be that a continuance, if a motion therefor had been made, would have been granted. But no such motion was made. We think that the court was not guilty of any abuse of discretion in denying the motion for a new trial.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 7, 1935.

Preston, J., voted for a hearing.