[Civ. No. 23281.   Second Dist., Div. Two.   Mar. 30, 1959.]

DARLENE RUTH CHRISTENSEN, a Minor, etc., Appellant, v. EUGENE FRANCIS BOCIAN, Respondent.

Robert H. Lund and Fred M. Nelson for Appellant.

Ball, Hunt & Hart and Donald B. Caffray for Respondent.

ASHBURN, J.—Plaintiff appeals from a judgment based upon an adverse jury verdict in a personal injury action. Her attorneys rely upon the single contention that the court prejudicially erred in giving instructions to the jury upon the subject of contributory negligence.

Plaintiff was injured in a collision of automobiles which took place on November 25, 1956, within the intersection of Elm and Burnett Streets, in the city of Long Beach. Plaintiff, 15 years of age, was riding as a guest in the front seat of a Mercury automobile owned and driven by Donald Seaborn, traveling southerly on Elm Street. She was in the middle, her brother Steve being to the right. The three were on their way to a skating rink where they intended to practice for a competition. They had just left the home of a friend who lived about two blocks from the place of accident. Defendant Bocian was driving east on Burnett Street. The intersection was within a residential district and was not controlled by stop signs or in any other manner. The view of each driver was obstructed to the extent that the 15-mile prima facie speed limit was applicable, under Vehicle Code, section 511, subdivision (a) (3), as the statute then stood. Each driver was

traveling in excess of 15 miles an hour and saw the other car before the impact, but neither was able to stop in time to avoid a collision. The Bocian car ran into the side of Seaborn's. The facts in their entirety are such that either or both of the drivers could have been found negligent. It does not appear whether the verdict for defendant rested upon a finding of absence of negligence on his part or upon contributory negligence of plaintiff.

She had ridden with Seaborn some five to seven previous times, but there is no evidence that she had any occasion to mistrust his driving or that she did so. On this occasion her attention had not been attracted to any excessive speed or other irregularity in Seaborn's driving. She herself had never driven an automobile and was paying no attention to Seaborn's driving while they traveled along. As they entered the intersection she saw Bocian's car for the first time and realized it would hit the one in which she was riding, whereupon she screamed and told Seaborn the other car was going to hit them. She received injuries which were substantial.

Appellant's counsel argues that there was no evidence of negligence on her part and that instructions on contributory negligence were therefore inappropriate and prejudicial. ■ The language of *Murphy* v. *National Ice Cream Co.*, 114 Cal.App. 482, 489 [300 P. 91], is apposite: "Mrs. Murphy as a guest was not charged with the responsibility for observing the condition of the traffic upon the highway, nor was there anything she could have done after the danger was imminent to avoid a collision. (*Martinelli* v. *Poley*, 210 Cal. 450 [292 P. 451]; *Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679 [269 P. 529].) The former case presented a somewhat similar situation and in holding that the guest was not guilty of contributory negligence the court said: 'We find nothing in the evidence, either that admitted on behalf of the plaintiff, or that introduced by the defendants, that would tend to show that plaintiff was guilty of contributory negligence. He was simply riding with the appellant as a guest of the latter, and had no power of control over the machine in which they were traveling. Nothing had happened during the trip, so far as the evidence shows, at least until the collision occurred, which indicated in any manner that the appellant was not driving his machine in a perfectly proper and careful manner. There was no reason for the plaintiff, therefore, to be apprehensive of his safety while riding with appellant or to take

any unusual precautions against their running into danger. Just before the accident happened he was observing the houses along the highway and was not looking in front of the machine and therefore did not see Barlow's truck until it was about five feet from the car in which he was riding. It was then too late for him to caution appellant regarding the latter's driving, or to do anything else to avoid the collision. There is nothing in this conduct of the plaintiff which would tend in the least to prove that he was guilty of contributory negligence in causing the injury sustained by him as a result of the collision.' In the latter case, in holding that the responsibility for observing danger does not rest upon the guest, the doctrine is stated substantially the same. There the court apparently goes further in saying that even when the danger of collision becomes suddenly imminent, the guest is not obliged to 'displace the driver, seize the operating levers and endeavor to avoid the impending catastrophe.' '' *Crawford* v. *Rose,* 2 Cal. App.2d 734, 738 [39 P.2d 217, 40 P.2d 277] : ''It is not the law that under all possible circumstances one who is riding as a guest in such a vehicle must watch the road and the driver, and hold himself in readiness to give directions to the driver concerning the dangers of the road.''

These are well-settled principles (see 7 Cal.Jur.2d § 340, p. 239) and the divergence between the cases cited by the respective parties grows out of their application to varying factual situations rather than any uncertainty as to the state of the law; hence, further discussion of them would be without profit. We hold that as a matter of law plaintiff was not guilty of any contributory negligence.

The case is now before us upon rehearing. In our former opinion (Cal.App.) 335 P.2d 171, 172 we said: ''Appellant complains of invited error. The case was argued to the jury but the arguments were not transcribed. The record does not affirmatively show any actual notice to the trial judge that plaintiff's counsel considered the evidence insufficient to justify submission of the issue of contributory negligence to the jury.'' Upon this predicate we held that appellant's requests for the giving of certain instructions upon contributory negligence precluded her from complaining of the fact that the court did instruct upon that subject. After the ruling was made counsel filed a stipulation which says: '' [T]hat on about January 20, 1958, during the trial proceedings of the above entitled case and after the evidence had been taken, the Court and the attorneys representing the parties to said case retired to chambers to discuss the re-

quested instructions theretofore submitted by the parties to be given to the jury at the conclusion of the case; that then and there ROBERT H. LUND, attorney representing the plaintiff in said action, made his objection to the Court as to the requested instructions of the defendant relating to the issue of the defense of contributory negligence of the plaintiff; that said ROBERT H. LUND grounded his objection on the theory that there was no evidence in the case on the issue of contributory negligence of the plaintiff; that said ROBERT H. LUND then cited to the Court California authorities in support of his contention; that the Court overruled Mr. Lund's objection and stated that he thought there was substantial evidence of contributory negligence to warrant he giving of such instructions on that issue as requested by the defendant through his counsel." In the interest of substantial justice we honored this stipulation and made an order incorporating it as a part of the record on appeal pursuant to rule 12(c) of the Rules on Appeal. In due course appellant's petition for rehearing was granted.

Under section 607a, Code of Civil Procedure,[1] it is the duty of each party to submit before the evidence begins appropriate requests for instructions upon the issues raised by the pleadings. The answer in this case alleged contributory negligence on the part of plaintiff. Her counsel could not know in advance what, if any, evidence defendant might produce in support of that plea. Accordingly he submitted instructions embracing that subject; he also asked for BAJI 112[2] which is constructed upon the hypothesis that there is no plea and no evidence of contributory negligence.

---

[1]Code Civ. Proc., § 607a: "In every case which is being tried before the court with a jury, it shall be the duty of counsel for the respective parties, before the first witness is sworn, to deliver to the judge presiding at the trial, and serve upon opposing counsel, all proposed instructions to the jury covering the law as disclosed by the pleadings. Thereafter, and before the court has commenced instructing the jury, and before the commencement of the argument, counsel may deliver to such judge, and serve upon opposing counsel, additional proposed instructions to the jury upon questions of law developed by the evidence and not disclosed by the pleadings. . . ."

[2]"The issues to be determined by you in this case are these:

"First: Was the defendant negligent?

"If you answer that question in the negative, you will return a verdict for the defendant. If you answer it in the affirmative, you have a second issue to determine, namely:

"Was that negligence the proximate cause of any injury to the plaintiff?

"If you answer that question in the negative, plaintiff is not entitled to recover, but if you answer it in the affirmative, you then will find what

The trial started on Thursday, January 16, 1958. The stipulation shows discussion of instructions to have occurred on Monday the 20th, the day before the jury was instructed, which event occurred at the beginning of the 21st. The stipulation states that this discussion of instructions occurred after the evidence had been taken. Plaintiff's attorney definitely did not at that time request or consent to any instruction on contributory negligence; his previous requests pertaining to that subject were withdrawn in practical effect. These facts do not present a case of invited error.

*Williamson* v. *Pacific Greyhound Lines*, 93 Cal.App.2d 484 [209 P.2d 146], is in point. In that case the court refused an instruction that there was no evidence to support a finding of contributory negligence and gave one predicated upon the existence of that issue of fact. In holding this to be reversible error the court said, at pages 487-488: "Respondent contends that if error resulted from the instructions on contributory negligence it was invited and induced by the several instructions on the same subject tendered by appellant. It must be borne in mind that contributory negligence was introduced into the case by respondent's plea. The only way to remove it from the case was for the court to tell the jury (as appellant requested) that there was no evidence to support it. Once the court decided not to do so, instructions on that subject inevitably followed, including the one already quoted which runs counter to *Prunty* v. *Allred* [73 Cal.App.2d 67 (165 P.2d 935)]. It can hardly be said, however, that appellant invited them when she did everything within her power in the opposite direction by seeking the withdrawal of the entire question.

"Appellant's instructions on contributory negligence were purely defensive, tendered provisionally of course (as happens every day) to be used only in case the court refused her withdrawal instruction. . . .

"*Dowd* v. *Atlas Taxicab etc. Co.*, 69 Cal.App. 9, 14 [230 P. 958], is in point. There it is said: 'Even where a party is unable to induce the court to instruct the jury according to his view of the law, "the fact that he asks instructions presenting the most favorable view of the law that the court will entertain does not estop him on appeal to assign error upon the action of the court." (38 Cyc. 1789).' The Supreme Court

---

damage plaintiff thus has been caused to suffer, and you will return a verdict in (his) (her) favor for the amount thereof.

"(As indicated in this instruction, you should first determine the question of liability before you undertake to fix an amount that would compensate for damage (, if any,) found to have been suffered.")

followed this in *Huebotter* v. *Follett*, 27 Cal.2d 765, 769, 770 [167 P.2d 193]."

*Weeks* v. *Raper*, 139 Cal.App.2d 737, 741 [294 P.2d 178] : "Therefore, the trial court should have instructed the jury that she was not guilty of contributory negligence. (*Ramos* v. *Linggi*, 125 Cal.App.2d 632, 635-636 [270 P.2d 857].) The refusal to do so constituted prejudicial error. (*Pierce* v. *Black*, 131 Cal.App.2d 521, 528-529 [280 P.2d 913].) Respondents contend that appellants invited the error by submitting instructions on contributory negligence at the outset of the trial. We do not agree. That issue was raised by the pleadings, but after the evidence was taken, the appellants sought to withdraw the issue from the jury by requesting an instruction that there was no evidence of contributory negligence. Under such circumstances, it cannot be said that appellants invited the error of submitting the question of contributory negligence to the jury. (*Williamson* v. *Pacific Greyhound Lines*, 93 Cal.App.2d 484, 487 [209 P.2d 146].) Such error cannot be deemed immaterial as it cannot be determined whether the jury's verdict was based on the theory that the appellant wife was guilty of contributory negligence or that the accident was unavoidable. (*Wright* v. *Sniffen*, 80 Cal.App.2d 358, 363-364 [181 P.2d 675].)" Accord: *Masterson* v. *Pig'n Whistle Corp.*, 161 Cal.App.2d 323, 335-336 [326 P.2d 918] ; *Hoel* v. *City of Los Angeles*, 136 Cal.App.2d 295, 310-311 [288 P.2d 989].

That the giving of the instruction on contributory negligence at bar was highly prejudicial is apparent when it is recalled that plaintiff was not chargeable with the negligence of her driver, Seaborn, and the instruction on contributory negligence created an insoluble question of whether the verdict was based on defendant Bocian's negligence or some assumed negligence of plaintiff. In similar circumstances such an error in the instructions has been held to be prejudicial and reversible. (See *Williamson* v. *Pacific Greyhound Lines, supra*, 93 Cal.App.2d 484, 487; *Weeks* v. *Raper, supra*, 139 Cal.App.2d 737, 742; *Kollert* v. *Cundiff*, 50 Cal.2d 768, 771 [329 P.2d 897].)

The judgment is reversed.

Fox, P. J., and Herndon, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 27, 1959. Schauer, J., was of the opinion that the petition should be granted.