[L. A. No. 26063. In Bank. Mar. 2, 1961.]

ELMER ROBINSON et al., Plaintiffs; CLAY W. ROWAN et al., Appellants, v. FRED HOWARD CABLE et al., Respondents.

Irving H. Green for Appellants.

Gilbert, Thompson & Kelly, Harold Q. Longnecker and Jean Wunderlich for Respondents.

DOOLING, J.—Plaintiffs Rowan and Dalton appeal from a judgment for defendants entered pursuant to the verdict of a jury. Appellants, with one Robinson, were guests in a station wagon driven by one Lee on August 17, 1956, when the station wagon came into collision with a gasoline tank-truck and trailer driven by defendant Cable. The accident occurred at about 10 p. m. on a two-lane highway. The highway's general direction was east and west, and the station wagon was traveling easterly and the truck and trailer westerly. The evidence is in sharp conflict as to the position of the two vehicles at the place and time of impact, certain eyewitness and expert testimony being that the point of impact was on the southerly half of the highway, and other eyewitness and expert testimony placing it on the northerly half of the highway. Lee was killed in the accident and appellants received physical injuries therein which are the basis of the present action. Due to head injuries received appellant Dalton was unable to recall or testify to any of the facts connected with the accident. A poll of the jury showed that three jurors did not agree to the verdict.

Appellants urge several grounds for reversal, but because we have concluded that the court committed prejudicial error in instructing the jury on the subject of appellants' contributory negligence, we shall only give such attention to appellants' other claims of error as may be necessary for the guidance of the court in a retrial of the action. As a portion of its instructions on contributory negligence the court instructed the jury:

"If you find from the evidence that any of the plaintiffs herein *could by the exercise of reasonable care have discovered the approach of the truck involved in the accident in time to warn the decedent of the approach thereof and enable the driver to avoid a collision, but that such plaintiff failed to do so,* and if you further find that such failure was negligent and that such negligence directly caused or contributed to cause plaintiff's injuries, if any, then the plaintiff is not entitled to recover against the defendants." (Emphasis added.)

The language emphasized puts a burden of care upon the plaintiffs as guests in an automobile to observe traffic on the highway and warn the driver of its approach which is contrary to the law as settled by our decisions. In the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise, a person riding in an automobile is not charged with the responsibility of

observing the condition of the traffic on the highway, and his mere failure to do so, without more, will not support a finding of contributory negligence. (*Martinelli* v. *Poley*, 210 Cal. 450, 458 [292 P. 451]; *Christensen* v. *Bocian*, 169 Cal.App.2d 223, 225-226 [336 P.2d 1018]; *Crawford* v. *Rose*, 2 Cal.App.2d 734, 738 [39 P.2d 217, 40 P.2d 277]; *Murphy* v. *National Ice Cream Co.*, 114 Cal.App. 482, 489 [300 P. 91]; cf. *Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 626 [255 P.2d 785]; *Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679, 682 [269 P. 529].)

The quoted instruction in placing on appellants this unjustified burden of observing traffic on the highway and warning the driver thereof was clearly erroneous. We are satisfied that in this case this error must be held prejudicial. The evidence in the case was not only sharply conflicting, but from the verdict of the jury it is impossible to determine whether their verdict was based on a finding that the driver of the truck was not negligent or on a finding that while the driver of the truck was guilty of negligence, appellants were guilty of contributory negligence because of the undue burden of care placed upon them by this erroneous instruction. Where it seems probable that the jury's verdict may have been based on the erroneous instruction prejudice appears and this court "should not speculate upon the basis of the verdict." (*Oettinger* v. *Stewart*, 24 Cal.2d 133, 140 [148 P.2d 19, 156 A.L.R. 1221]; also *Miller* v. *Peters*, 37 Cal.2d 89, 95 [230 P.2d 803].) The fact that only the bare number of jurors required to reach a verdict agreed upon the verdict for defendants lends further support to the probability that the erroneous instruction was the factor which tipped the scales in defendants' favor.

There was police testimony on both sides as to the point of impact. That police officers with proper experience in the investigation of highway accidents may give opinion evidence as to the point of impact based upon their examination of the physical evidence observed by them at the scene is settled. (*People* v. *Haeussler*, 41 Cal.2d 252, 260-261 [260 P.2d 8].) Some of the debris had been moved before the officers arrived but there is ample evidence that the basic conditions had not been substantially altered when the officers arrived. There is some uncertainty as to skidmarks but at most this would go to the weight rather than the admissibility of the opinion evidence. One officer, Mehl, had talked to defendant Cable and received from him his statement as to the point of collision, but Mehl testified that he reached his

conclusion also from his examination of the debris and marks on the highway. On a retrial if these witnesses are called, their opinions can be strictly limited to the conclusions that they formed from their own examinations at the scene, disregarding any hearsay information that they may also have received.

The use of the report of his investigation by an officer to refresh his recollection seems proper. (Code Civ. Proc., § 2047.) The confidential nature of such report (Veh. Code, §§ 20012, 20013, formerly § 488) is relaxed with the lapse of six months after the date of the accident and, except for reports signed by drivers, all other statements are then made available to interested parties (Veh. Code, § 20015, formerly § 488.5). We can see no good reason to deprive the officer making a report from using it like any other memorandum for the purpose of refreshing his recollection, when by law it is open to the examination of interested parties.

A diagram made by the officers at the scene of the accident and an enlarged photograph thereof were used by the officers to illustrate their testimony. Their use for this purpose and their admission into evidence solely to illustrate such testimony was not improper.

Defense counsel's persistent reference to the "official report" or "official document" was highly improper and calculated to impress the jury with its importance. Counsel on a retrial should refrain from such conduct and from his attempts to introduce the report into evidence.

For the error first above noted the judgment against appellants is reversed.

Gibson, C. J., Traynor, J., Peters, J., and White, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Presiding Justice Shinn in the opinion prepared by him for the District Court of Appeal, *Robinson* v. *Cable* (Cal.App.), 7 Cal.Rptr. 155.

Schauer, J., concurred.

Respondents' petition for a rehearing was denied March 29, 1961. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.