[Civ. No. 7049. Fourth Dist. Apr. 4, 1963.]

LIBRADO R. ALONZO, Plaintiff and Respondent, v. HENRY LEROY WITH et al., Defendants and Appellants.

Moss, Lyon & Dunn, Fulton W. Haight and Henry F. Walker for Defendants and Appellants.

W. Mike McCray for Plaintiff and Respondent.

COUGHLIN, J.—The plaintiff, who is the respondent herein, brought this action to recover damages for injuries allegedly resulting from an accident in which his automobile

was struck by another driven by the defendant With, an employee of the defendants Jezowski & Markel, who are the appellants herein.

The accident occurred in an intersection, when the driver of the defendants' automobile attempted to pass the automobile driven by plaintiff while the latter was making a left turn. By his complaint the plaintiff alleged that, as a result of the accident, he sustained "an injury to his left arm, injury to his shoulder and numerous bruises, abrasions and contusions on and about his body and shock to his nervous system." At the trial, one of his major complaints concerned alleged injuries to the lumbar region of his back.

On the issue of liability the evidence adequately establishes negligence on the part of the defendants' driver. No contention is made to the contrary. On the other hand, there was evidence which, if accepted by the jury, would have supported a finding that the plaintiff was contributorily negligent.

Following a trial by jury and a verdict in favor of the plaintiff, judgment was entered accordingly. The defendants appeal, contending that the trial court erred (1) in instructing the jury respecting the amount of proof required to carry the burden of proof; (2) in permitting the introduction of alleged rehabilitory consistent statements; and (3) in refusing to admit evidence concerning the amount received by the plaintiff for injuries sustained in a prior accident.

The plaintiff has not filed a reply brief in this court, although given notice to do so as prescribed by rule 17(b) of the California Rules of Court.* Under such circumstances, we may accept as true the statement of facts in appellants' brief. (Cal. Rules of Court, rule 17(b).) However, by permission, in lieu of oral argument plaintiff has submitted an argument in writing, and this has been given due consideration.

 Several hours after the jury had retired, it returned to court for further instructions. Specific requests were made concerning the law regarding the burden of proof and preponderance of the evidence. In reply thereto, on the burden of proof matter, the trial judge stated that the plaintiff had the burden of proving that the defendant was negligent; that such negligence was a proximate cause of his injury, and the nature and extent of those injuries; that in this regard,

*Formerly Rules on Appeal, rule 17(b).

the jury had "to have a greater degree of conviction of negligence on the part of the defendant than a conviction that he was not negligent," or, as further stated by the court: "In other words, you've got to be convinced of it"; and that "With regard to the issue of contributory negligence, which has been raised here, the burden of proof is upon the defendant to convince you that the plaintiff, himself, was negligent, and that that negligence, in some degree, contributed to his own injury." Thereupon the court defined the term "preponderance of the evidence" as follows:

". . . that state of the case where the evidence in favor of the party asser[t]ing the affirmative of the issue, has more convincing force than that opposed to it," and by way of example stated: "When you're trying to make up your mind which way to go, if you cannot say, 'Well, I feel more strongly in favor of the person who has the affirmative of the issue,' then you would have to find against him.

"If you're convinced, and say, 'Well, I feel that the greater weight of the evidence lies in this direction, and he has convinced me,'—for instance, in this case the plaintiff must convince you that the defendant was negligent. You can't say, 'Well, I can't say that he was or he wasn't.' Then you have to find for the defendant.

"But if you can say, 'I'm convinced that he was,' then as to that issue you would have to find for the plaintiff."

The defendants object to that part of these instructions which, in substance, advised the jurors that they had to be convinced respecting an issue before they could find in favor of the party who had the burden of proving that issue. The subject instructions do not clearly express the requirements of the law concerning the amount of proof necessary to establish a fact. The terms "convince," "convinced," and "conviction" as used therein readily could have been understood by the layman to require that amount of proof which would convince him respecting the existence of the fact at issue instead of requiring proof by "such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests." (*People* v. *Miller*, 171 Cal. 649, 653 [154 P. 468]; accord: *Mathes* v. *Aggeler & Musser Seed Co.*, 179 Cal. 697, 702 [178 P. 713].)

"In a civil case it is error to tell the jury that there must be evidence sufficient to *convince their minds* of any fact necessary to be shown by either party. The weight of evidence

or preponderance of probability is sufficient to establish a fact in a civil case.'' (*Murphy* v. *Waterhouse,* 113 Cal. 467; 473 [45 P. 866, 54 Am.St.Rep. 365] ; accord: *People* v. *Miller, supra,* 171 Cal. 649, 654; *Pitt* v. *Southern Pac. Co.,* 121 Cal. App. 228, 236 [9 P.2d 273].)

The instructions, as given, were erroneous.

The plaintiff had been injured in a number of previous accidents. One of these involved a freeway collision which occurred on the day prior to the accident which is the subject of the instant case. Another of them occurred in 1957 when a truck backed into the plaintiff and injured him, as a result of which he sustained injuries to the lumbar region of his back.

When testifying in the case at bar the plaintiff minimized the injuries which he had received in the freeway collision the day previous to the subject accident; claimed that those injuries involved only a little discomfort in the area of his neck and above the shoulders; also claimed that the accident which is the subject of the instant action caused serious injuries to the lumbar or lower region of his back; and further claimed that the freeway collision had nothing to do with the latter injuries.

The plaintiff brought an action to recover for the injuries received in the freeway collision. In his verified complaint therein, which was filed on July 14, 1959, he alleged that as a result of that accident he ''was made sick, sore, lame, disordered and injured and suffered a severe shock to his nervous system, and in particular did he suffer injuries to his spine in the vicinity of the lumbar region.'' To impeach his testimony in the instant action, wherein he claimed that the injuries to his lower back were attributable only to the accident under consideration in the case at bar, and not to the freeway collision, the defendants introduced into evidence the foregoing allegations in the complaint involving the latter collision. The complaint in the case at bar was filed on August 6, 1959. Therein, as heretofore noted, the plaintiff did not refer specifically to any injury to his lower back. By way of rehabilitation, *viz.,* to offset the impeaching character of the injury allegations in the plaintiff's freeway collision complaint, he introduced into evidence, over objection by the defendants, certain portions of a deposition in the freeway collision action, which had been taken on November 19, 1959, wherein he testified that the only injuries he received in that collision were to his neck and shoulders and

not to his lower back. The defendants contend that the admission of this testimony was error; that the testimony of a witness impeached by evidence showing that he made statements inconsistent therewith may not be rehabilitated by evidence showing that he also made statements consistent therewith; and cite the decisions in *Mason* v. *Vestal,* 88 Cal. 396, 398 [26 P. 213, 22 Am.St.Rep. 310]; *People* v. *Doyell,* 48 Cal. 85, 90, and *Davis* v. *Tanner,* 88 Cal.App. 67, 76 [262 P. 1106], in support of this contention.

■ At the trial the plaintiff contended that the statements made by him in his deposition were admissible under an exception to the general rule relied upon by the defendants which, under specified conditions, authorizes the introduction of prior consistent statements. Under this exception, evidence may be introduced which shows that a witness previously made statements consistent with his testimony where it is charged that such testimony is the product of improper motives of interest or of recent fabrication and the statements consistent therewith were made at a time prior to the time the motives of interest existed or the alleged fabrication occurred. (*People* v. *Kynette,* 15 Cal.2d 731, 753-754 [104 P.2d 794]; *Davis* v. *Tanner, supra,* 88 Cal.App. 67, 76.) Where proof of prior inconsistent statements has been introduced, the obvious purpose of the aforesaid exception is to permit the introduction of evidence which may rebut any inference of improper motives or recent fabrication deducible from that proof. Where the motive to fabricate may have existed at the time the prior consistent statement was made proof thereof is not admissible. (*People* v. *Dowell,* 204 Cal. 109, 116 [266 P. 807]; *Watson* v. *Los Angeles Transit Lines,* 157 Cal.App.2d 112, 118 [320 P.2d 890].) ■ In the instant case, the plaintiff's verified statement, which was inconsistent with his testimony, had been made in his complaint in the freeway collision case which had been filed before his complaint in the case at bar. The statement in his deposition, which was consistent with his testimony, was made after the latter complaint had been filed and at a time when his motive to fabricate might well have existed. Therefore, the exception to the general rule does not apply to the instant case and the trial court improperly permitted the introduction of the deposition statement.

■ The defendants contend that the errors in the court's instructions which heretofore have been noted, and the error in the admission of the plaintiff's deposition statements, were

prejudicial. The statement of facts in appellant's opening brief supports this position. The verdict of the jury was based on a nine to three vote. The erroneous instructions were given upon the jurors' return to court after having deliberated for almost four hours and their request for clarification of the rules respecting the burden of proof and preponderance of evidence. The plaintiff asserts that the trial court, prior to submission of the case to the jury, had given proper instructions upon the matters in question, and argues that, for this reason, the error complained of is merely academic. This argument overlooks the fact that the jury asked that the previous instructions be clarified. Undoubtedly it relied upon the clarifying statement. Furthermore, the request for clarification is an indication of the importance attached to the rules of law to which it was directed. The plaintiff also directs attention to the fact that the examples used by the court concerned the issue of negligence rather than contributory negligence. However, the evidence of negligence upon the part of the defendants' driver was of that nature and obvious weight as likely to convince the jury on this issue, whereas the evidence of negligence upon the part of the plaintiff did not have the same convincing force. Nevertheless, there was ample evidence from which the jury could have concluded that the plaintiff failed to exercise ordinary care for his own safety in making his left turn. If the erroneous instructions had not been given, it is probable that the jurors might have so concluded. The objectionable instructions did not purport to be limited in application to the issue of the defendant's negligence, and their influence on the issue of the plaintiff's negligence may not be disregarded. The plaintiff was awarded $37,500. There was considerable evidence that his back injuries were attributable to the freeway collision and to the 1957 accident. At the scene of the accident which is the subject of the instant action, the plaintiff told the investigating officer that his shoulder was hurt, although he previously had told the defendants' driver that he was not hurt. He had been injured on six separate prior occasions. On each of these the area of injury involved his shoulder or his back. It is probable that the hearsay statements made in the course of his deposition in the freeway collision action were accepted by the jury as proof that he had sustained his claimed injuries in the accident which is the basis for the present suit, and in corroboration of his testimony in the instant trial. Considered as a whole, the circum-

stances of this case are such that in determining the prejudicial character of the errors heretofore considered, this court should not speculate respecting the basis for the jury's verdict. (*Robinson* v. *Cable,* 55 Cal.2d 425, 428 [11 Cal.Rptr. 377, 359 P.2d 929]; *Oettinger* v. *Stewart,* 24 Cal.2d 133, 140 [148 P.2d 19, 156 A.L.R. 1221].) We conclude that it is probable that a different verdict would have been rendered if the errors in question had not been made. Under these circumstances, a reversal is in order. (*Robinson* v. *Cable, supra,* 55 Cal.2d 425, 428; *Butigan* v. *Yellow Cab Co.,* 49 Cal.2d 652, 660 [320 P.2d 500].)

The defendants also contend that the court erred in refusing to permit them to show that the plaintiff had been paid $20,000 in settlement of a lawsuit arising out of the 1957 accident; that this condition continued to exist since that time; that an operation was necessary to effect a cure thereof; and that to permit the plaintiff to recover damages on account of this condition through settlement of his 1957 accident claim and through a judgment in the present action would amount to a duplicate award. The obvious error in this contention lies in the assumption that there is a single injury for which a duplicate award has been made. The issue at hand concerns the existence of a single or duplicate injury, rather than the duplication of damages for a single injury. Whether or not the plaintiff's present low back condition was caused by the 1957 accident or by the subject accident is neither proved nor disproved by the amount of the 1957 settlement. The order of the trial court excluding the testimony in question was proper.

The judgment is reversed.

Griffin, P. J., and Brown (G.), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 29, 1963.