779 So.2d 470 (2000)
Linda D. LESLIE, Appellant,
v.
Roger T. HIGGASON and Nevline R. Higgason, Appellees.
No. 2D99-2459.
District Court of Appeal of Florida, Second District.
October 27, 2000.
J. Troy Andrews of Andrews Law Group, Tampa, for Appellant.
Michael C. Clarke of Reynolds & Stowell, P.A., St. Petersburg, for Appellees.
BLUE, Acting Chief Judge.
Linda D. Leslie appeals from the defense verdict in her action to recover for personal injuries sustained in an automobile accident. She presents three issues on appeal. We limit our discussion to an evidentiary ruling: the admission of the amount of a settlement from an accident that occurred some eight years before the accident at issue in this case. Because the settlement amount was erroneously admitted, we reverse and remand for a new trial.
In her complaint, Leslie alleged that she sustained permanent injuries in an April 1996 accident in which Roger Higgason negligently operated his automobile. Leslie contended that she suffered injuries to her temporomandibular joint and neck as a result of the accident with Higgason. Leslie had previously sustained injuries to this joint and her neck in a 1988 automobile accident. Thus, Leslie's claim against Higgason was based on allegations of aggravation to the prior injuries.
During the direct examination of Mrs. Leslie's husband, he stated that he could not afford to pay for the surgery that would relieve Mrs. Leslie's suffering. On cross-examination, defense counsel asked Mr. Leslie to tell the jury the amount of the settlement from the 1988 automobile accident. Mrs. Leslie's counsel objected and moved for a mistrial. The trial judge allowed the question and Mr. Leslie acknowledged that Mrs. Leslie was paid $65,000 following the 1988 motor vehicle accident.
Although there is no reported Florida case directly on point and neither party cited any controlling cases, we conclude that there was no basis for the admission of this evidence. The majority of the courts that have ruled on this specific question have determined it was improper. See Alonzo v. With, 214 Cal.App.2d 753, 29 Cal.Rptr. 710, 714-15 (1963); Ferriola v. Burdick, 146 Conn. 574, 153 A.2d 319, 320 (1959); Nepple v. Weifenbach, 274 N.W.2d 728, 733 (Iowa 1979); Boyd v. Smith, 390 So.2d 994, 997 (Miss.1980); Larsen v. Johnson, 958 P.2d 953, 957 (Utah Ct.App. 1998). But see Kelsey v. Chicago, Rock Island & Pac. R.R. Co., 264 Minn. 49, 117 N.W.2d 559, 563 (1962).
*471 While Mrs. Leslie's previous injury was relevant, the settlement amount from the previous injury was clearly irrelevant to the issues being tried. As such, the trial court erred in allowing the testimony. The error was compounded when defense counsel repeatedly emphasized the amount during closing argument. The admission of this irrelevant testimony was reversible error. Accordingly, we reverse and remand for a new trial.
We need not address the remaining issues raised by Mrs. Leslie; one is without merit and the second is now moot.
Reversed and remanded for a new trial.
CASANUEVA and DAVIS, JJ., Concur.